IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>[1] ISMAEL ROSA-PAGÁN a/k/a "Pito Pelú",<br>[13] ROSA GUZMÁN-ORTIZ, et al.,<br><br>Defendants | CRIMINAL 09-0319 (JAG) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion to compel discovery filed by the defendant, Rosa Guzmán-Ortiz, on May 4, 2010. (Docket No. 166.) The defendant's motion was opposed by the government on June 7, 2010. (Docket No. 177.) On that same date, this matter was referred to me for report and recommendation. (Docket No. 179.) For the reasons set forth below, it is my recommendation that the defendant's motion be DENIED.

## I. BACKGROUND

A grand jury indictment charged the defendants Ismael Rosa-Pagán, Rosa Guzmán-Ortiz and eighteen other defendants with knowingly and intentionally combining, conspiring, confederating and agreeing together and with each other, and with diverse other persons known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute one (1) kilogram or

CRIMINAL 09-0319 (JAG)                    2

more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance; fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance; five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance; a measurable amount of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, Nuestra Señora de Covadonga Public Housing Project, located in the Municipality of Trujillo Alto, Puerto Rico, in violation to 21 U.S.C. §§ 841(a)(1), 846, and 860. (Docket No. 2, at 3.) There are also four aiding and abetting counts as well as a count charging conspiracy to possess firearms during and in relation to narcotic trafficking offenses. (Id. at 12-16.)

Upon conviction of one or more of the controlled substances counts, the defendants would forfeit to the United States of America any property constituting, or derived from, any proceeds that the defendants obtained directly or indirectly, pursuant to 21 U.S.C. § 853(a)(1) and any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the said violations and any

CRIMINAL 09-0319 (JAG)                    3

property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation.  (Id. at 17.)

On May 4, 2010, the defendant Rosa Guzmán-Ortiz filed a discovery motion in the form of a 17-page motion to compel the production of law enforcement reports of investigations and/or of interviews of witnesses, as well as the personnel records, including administrative complaint files, of testifying agents. (Docket No. 166.)  The argument follows the line that there had long been a tradition of liberal discovery in relation to reports but that such a policy has recently changed, and that the current prosecutors deem such reports not to be discoverable under Federal Rule of Criminal Procedure 16.  (Id. at 2, ¶¶ 3-4.) Specifically, the defense stresses that the information sought is not work product, nor is it privileged, and that it must be disclosed under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.  (Docket No. 166, at 4, ¶¶ 8 & 9.)

The government responded to the defendant's motion on June 7, 2010. (Docket No. 177.) It argues in a more terse response that under the law, reports of investigation are not subject to disclosure unless they are statements under Jencks Act, 18 U.S.C. § 3500, or if such reports contain material that may be deemed exculpatory or impeachment material. (Id. at 2); see United States v. González-Meléndez, 594 F.3d 28, 36 (1st Cir. 2010).  According to the government, in order to request personnel files of testifying law enforcement

CRIMINAL 09-0319 (JAG)                    4

officers, there is a procedure in place as of October 19, 2007, in relation to police officers that must be complied with. (Docket No. 177, at 3); see In the Matter of Civil and Criminal Discovery, Misc. No. 07-0214 (JAF). The government notes that the defendant is not entitled to extensive pretrial discovery. (Docket No. 177, at 4.) Indeed, the government expresses its concerns for the safety of witnesses in light of the nature of the charges the defendants face. (Id. at 5.)

## II. ANALYSIS

In Brady v. Maryland, the Supreme Court held that, irrespective of good or bad faith, suppression by the prosecution of evidence favorable to a defendant who has requested it violates due process where such evidence is material to either guilt or punishment. Brady v. Maryland, 373 U.S. at 87, cited in Strickler v. Greene, 527 U.S. 263, 280 (1999). The Brady holding imposes an affirmative duty on the prosecution to produce at the appropriate time requested evidence that is materially favorable to the accused, either as exculpatory or impeaching evidence. United States v. Castro, 502 F. Supp. 2d 218, 224-25 (D.P.R. 2007); see also Youngblood v. West Virginia, 547 U.S. 867, 869 (2006).

Exculpatory or impeachment evidence is considered material if disclosed, can affect the outcome of the trial. United States v. Agurs, 427 U.S. 97, 104 (1976); United Sates v. Kouri-Pérez, 47 F. Supp. 2d 166, 172 (D.P.R. 1999) (quoting Kyles v. Whitley, 514 U.S. 419, 433 (1995)); see also United States v.

CRIMINAL 09-0319 (JAG)                    5

Bagley, 473 U.S. 667, 682 (1985); United States v. Hall, 557 F.3d 15, 19 (1st Cir.) (noting that impeachment evidence that is merely cumulative is not material), cert. denied, 129 S. Ct. 2849 (2009)). Also, it is well settled that "exculpatory or impeaching evidence . . . [can only be produced] . . . if it is with the government's custody, possession, or control." Lavallee v. Coplan, 374 F.3d 41, 43 (1st Cir. 2004). "Evidence 'within its possession' includes exculpatory information in the possession of any agency that participated in the investigation of the crime charged." United States v. Castro, 502 F. Supp. 2d at 224-25. First, "'Brady did not create' a 'general constitutional right to discovery in a criminal case." United States v. DeCologero, 530 F.3d 36, 64-65 (1st Cir. 2008) (quoting Weatherford v. Bursey, 429 U.S. 545, 559 (1977)). Second, when exculpatory evidence is sought, the defendant under Brady has to make a "particularized and focused request." United States v. Cartagena, 593 F.3d 104, 114 (1st Cir. 2010) (citing United States v. Caro-Muñiz, 406 F.3d 22, 30 (1st Cir. 2005)). A request is considered sufficiently specific if it provides the prosecutor with notice of exactly what the defense desires. United States v. Agurs, 427 U.S. at 106.

"'[U]nlike the Government's *Brady* obligation to disclose exculpatory evidence . . . Rule 16 requires the disclosure of inculpatory and exculpatory evidence alike." United States v. Poulin, 592 F. Supp. 2d 137, 143 (D. Me. 2008); see also United States v. Dailey, 155 F.R.D. 18, 20 (D.R.I. 1994) ("Rule 16

CRIMINAL 09-0319 (JAG)                            6

governs pre-trial discovery in criminal cases and divides discovery into two broad categories: disclosure by the defendant and disclosure by the government.") Rule 16 states, in the pertinent, part that:

> **(E) Documents and Objects**.  Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i)   the item is material to preparing the defense;
> (ii)  the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). "If [a] defendant requests discovery because he thinks the documents sought are material to the preparation of his defense, he must make a *prima facie* showing of materiality." 2 Charles Alan Wright and Peter J. Henning, Federal Practice & Procedure § 254 (4th ed.) (footnotes omitted); see also United States v. Carrasquillo-Plaza, 873 F.2d 10, 12-13 (1st Cir. 1989). To do so, a defendant has to show that the materials sought will allow him to "significantly . . . alter the quantum of proof in his favor." United States v. Poulin, 592 F. Supp. 2d at 143 (quoting United States v. Ross, 511 F.2d 757, 763 (5th Cir. 1975)); see also United States v. Santana, 83 F. Supp. 2d 224, 232 (D.P.R. 1999).  Demonstrating materiality "is not a heavy burden." United States v.

CRIMINAL 09-0319 (JAG) 7

Poulin, 592 F. Supp. 2d at 143 (quoting Unites States v. George, 786 F. Supp. 56, 58 (D.D.C. 1992)). However, "'[a] general description of the materials sought or a conclusory argument as to their materiality is insufficient.'" United States v. Poulin, 592 F. Supp. 2d at 143 (quoting United States v. Carrasquillo-Plaza, 873 F.2d at 13); see also United States v. Agurs, 427 U.S. at 109-10 ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."); United States v. LaRouche Campaign, 695 F. Supp. 1290, 1306 (D. Mass. 1988) (holding that "[m]ateriality for purposes of Rule 16 essentially tracks the *Brady* materiality rule.").

Apart from Brady and Rule 16, under the Jencks Act, the government's discovery obligation to disclose extends to statements made by its witnesses. See United States v. Rosario-Peralta, 175 F.3d 48, 53 (1st Cir. 1999). "The Jencks Act . . . requires the prosecutor to disclose, after direct examination of a [g]overnment witness and on the defendant's motion, any statement of the witness in the [g]overnment's possession that relates to the subject matter of the witness' testimony." United States v. Bagley, 473 U.S. at 670 n.2; see also United States v. Drougas, 748 F.2d 8, 22 n.6 (1st Cir. 1984). "The government is required to produce those statements [made by its witnesses] whether they are exculpatory or not." United States v. Rosario-Peralta, 175 F.3d at 53 (citing

CRIMINAL 09-0319 (JAG)                    8

United States v. Stern, 13 F.3d 489, 494 (1st Cir. 1994)).  However, federal courts cannot compel early disclosure of the government's witnesses testimony. United States v. Kouri-Pérez, 47 F. Supp. 2d at 172 (citing United States v. Algie, 667 F.2d 569, 571-72 (6th Cir. 1982)).  "[E]arly disclosure of Jencks material is within the sole discretion fo the government." United States v. Algie, 667 F.2d at 571-72.

   The defendant believes that the documents sought are not work product, are not privileged and are subject to discovery because they have not been prepared by the prosecuting attorney or any attorney nor by his or her agents in preparation for the trial.  (Docket No. 166, at 1-2, ¶ 2.)  Also, the defendant claims that the documents requested have to be disclosed because they may contain impeachment and/or exculpatory evidence necessary to observe and uphold his rights under the Fifth and Sixth Amendments of the United States Constitution. (Id. at 2, ¶ 4 & at 3, ¶ 7.) According to the defendant, by producing the requested documents with the necessary crossings or deletions, it would safeguard his constitutionals rights and prevent the disclosure of the identity of the government's witnesses and informants.  (Id. at 13-14, ¶¶ 28 & 30.) Notwithstanding the breath of the defendant's motion, the discovery requested is neither particularized nor focused.  Instead it is beyond the scope of discovery which the government is expected to comply with voluntarily or on request.  See,

CRIMINAL 09-0319 (JAG)                9

e.g., United States v. Cartagena, 593 F.3d at 114; United States v. Caro-Muñiz, 406 F.3d at 29-30; United States v. Simon Timmerman, 673 F. Supp. 2d 76, 77-78 (D.P.R. 2009).  If the documents requested were to contain impeachment and/or exculpatory evidence, the government is aware of its duty to disclose the same in a timely manner.  See United States v. Bagley, 473 U.S. at 675; United States v. Agurs, 427 U.S. at 104; Giglio v. United States, 405 U.S. 150, 154 (1972); Brady v. Maryland, 373 U.S. at 87; United States v. Sepúlveda, 15 F.3d 1161, 1177-78 (1st Cir. 1993); United States v. Osorio, 929 F.2d 753, 757-58 (1st Cir. 1991); United States v. Pandozzi, 878 F.2d 1526, 1529 (1st Cir. 1989); United States v. Ingraldi, 793 F.2d 408, 411 (1st Cir. 1986).

The defense only provides a general description of the documents requested and alleges in a conclusory fashion that they are material because they may contain impeachment and/or exculpatory evidence.  See United States v. Caro-Muñiz, 406 F.3d at 30 (upholding the denial of in camera review where the defendant submitted that seventy-one tape recordings "may" contain exculpatory evidence).  As a result, regardless of whether the documents requested contain work product, discovery cannot be compelled under Rule 16.

Finally, like Brady and Rule 16, discovery under the Jencks Act is unwarranted.  The defendant has not shown that the documents requested are Jencks Act statements.  See United States v. González-Meléndez, 594 F.3d at 36.

CRIMINAL 09-0319 (JAG)                    10

However, even if they were unless the government decides otherwise, any statement or report that might be in its possession made by its witnesses is not discoverable until they testify on direct examination in the trial. See United States v. Rodríguez-Torres, 570 F. Supp. 2d at 241. Consequently, since there was no showing of necessity beyond the defendant's general discovery request, the documents sought herein, particularly the administrative files of testifying agents, are not to be disclosed. By compelling the government to make early disclosures the court would only be allowing the defendant to conduct extensive pre-trial discovery and put at risk the well being of the government's witnesses.

### III. CONCLUSION

In view of the above, I recommend that the motion to compel be DENIED in its entirety.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140 (1985); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott

CRIMINAL 09-0319 (JAG)                    11

v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

    At San Juan, Puerto Rico, this 16th day of June, 2010.

                                  S/JUSTO ARENAS
                        Chief United States Magistrate Judge